UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P137-H

U.B. THOMAS III *et al.*                                                                                                          PLAINTIFFS

v.

GREG FREDERICKS *et al.*                                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs U.B. Thomas III and Carlene Compton initiated this *pro se* civil action under 42 U.S.C. § 1983. However, while both Plaintiffs are listed in the caption of the complaint, only Plaintiff Thomas signed the complaint and filed a motion to proceed *in forma pauperis*. Each *pro se* Plaintiff that desires to be a part of the action must personally sign the complaint. *See* Fed. R Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). Additionally, in the case of multiple plaintiffs initiating an action together, the Sixth Circuit directs that each plaintiff pay a proportionate share of the filing fee. *Talley-Bey v. Knebl*, 168 F.3d 884 (6th Cir. 1999). The fee for filing a civil action is $350.00. Thus, each Plaintiff is obligated to pay $175.00 towards the filing fee.

Accordingly, by Order entered March 24, 2010, the Court directed Plaintiff Compton to sign the last page of the complaint and file it with the Court and either pay her $175.00 share of the filing fee or submit her own application to proceed *in forma pauperis*. Plaintiff Compton was given thirty days to comply. She was warned that failure to comply would result in her dismissal from this action.

Well over thirty days have passed, and Plaintiff Compton has failed to respond to the Court's Order. Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern

of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff Compton's failure to comply with the Court's Order shows a failure to pursue her claims. Accordingly, **IT IS HEREBY ORDERED** that:

Plaintiff's Compton's claims are **DISMISSED**. The Clerk of Court is **DIRECTED** to **TERMINATE** Carlene Compton as a party in this action.

Date:

cc: Plaintiffs, *pro se*

4412.008