UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

U.B. THOMAS, III                                                              PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:10CV-P137-H

GREG FREDRICKS et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, U.B. Thomas, III, filed a *pro se*, *in forma pauperis* complaint and amended complaint pursuant to 42 U.S.C. § 1983.  This case was originally stayed pending final action on the underlying state criminal case.  The criminal case is now final, and this matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

**MOTION**

Since his case was reopened, Plaintiff has filed a motion to submit additional information and to add as Defendants Shawn Abma and Jason Sanders.[1]  A plaintiff may amend a pleading once as a matter of course within 21 days of service, and service has not occurred in this case. *See* Fed. R. Civ. P. 15(a)(1).  Consequently, his motion (DN 31) is **GRANTED**.

### I. SUMMARY OF CLAIMS

In his original complaint, Plaintiff named as Defendants Louisville Fire Chief Greg Fredricks; Major Henry Ott, Arson Investigator; and Sergeants Todd Leonard and John Griffith, also arson investigators.  He alleged that he had been given alcohol during an interrogation to obtain a confession.  He asked for monetary and punitive damages and to have Defendants

---

[1] The additional information consists of exhibits relating to arson investigators providing alcoholic beverages to Plaintiff during or after an investigation, the result of which was a finding of no criminal violations on the part of the arson investigators.

relieved of duty.  Because he was a pretrial detainee, the Court stayed this action until the

criminal action against him was final.  Upon being notified that the criminal action was

complete, the Court reopened this action.

In his notification to this Court that his criminal case was complete, Plaintiff attached a

letter from his appellate defender dated March 12, 2013, stating that a Kentucky Supreme Court

opinion had been entered modifying the opinion reversing the "arson second degree conviction

(Rowan Street), but affirms the other convictions."  A search of Westlaw reveals that on

February 21, 2013, the Kentucky Supreme Court issued a modified decision in *Thomas v.*

*Commonwealth*, No. 2011-SC-42-MR, 2012 WL 5289393 (Ky. Feb. 21, 2013).  Plaintiff had

appealed his convictions for first-degree arson, second-degree arson, third-degree arson, two

counts of wanton endangerment and being a first-degree persistent felony offender.  The

Kentucky Supreme Court reversed his conviction and sentence for second-degree arson but

affirmed his other convictions and sentences.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis

either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has

stated a claim upon which relief can be granted, the court must construe the complaint in a light

most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the

*Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief

challenging his conviction or sentence if a ruling on his claim would render the conviction or

sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal,

expunged by Executive Order, declared invalid by a state tribunal, or has been called into

question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*,

512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983

action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings) – if success in that action would necessarily demonstrate the invalidity of

confinement or its duration."). Although the Kentucky Supreme Court reversed one of Plaintiff's

convictions on appeal, the remaining five convictions were affirmed. Nothing in Plaintiff's

complaint or documents submitted in support thereof indicate that his allegation of being plied

with alcohol during his interrogation as to the second-degree arson conviction (which was

reversed by the Kentucky Supreme Court) is separate or severable from the other convictions

which have been affirmed. As such, his action is barred by *Heck*.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:

cc:    Plaintiff, *pro se*
        Defendants
4412.009